UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-CV-14333-ROSENBERG/LYNCH

UNIVERSAL PROPERTY & CASUALTY
INS. CO., as subrogee of TRACIE HARRIS,

    Plaintiff,

v.

LIFETIME BRANDS, INC. & WM
BARR CO.,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' motions to dismiss at docket entries 35 and 36 which were both referred to the Honorable Frank J. Lynch for a Report and Recommendation. DE 46. On March 8, 2016, Judge Lynch issued a Report and Recommendation recommending that both motions be denied. DE 49. Defendants filed objections. DE 51, 52. Plaintiff filed responses to Defendants' objections. DE 53, 54. The Court has conducted a *de novo* review of Magistrate Judge Lynch's Report and Recommendation, the objections, the responses to the objections, and the record and is otherwise fully advised in the premises. The Court finds Judge Lynch's Report to be thoughtful and correct. Defendants' objections do not directly address the most pertinent portions of Judge Lynch's Report, as discussed below.

Defendants' objections do not adequately address the equitable nature of equitable subrogation. Equitable subrogation "is a creature of equity that does not depend on contract, but which follows as a legal consequence of the acts and relationship of the parties." *Lincoln Nat'l*

*Health & Cas. Inc. Co. v. Mitsubishi Motor Sales of Am., Inc.*, 666 So. 2d 159, 161 (Fla. Dist. Ct. App. 1995). Although Defendants cite cases such as *Lincoln National* for the proposition that equitable subrogation should only apply in a narrow circumstance (where Plaintiff would be limited to subrogation of the homeowner's claims in this case), this rigid and formulaic position belies the very nature of equity and ignores the relationship at the heart of this case—that of a houseguest and an (insured) homeowner. The underlying purpose of equitable subrogation is to prevent unjust results that would otherwise occur in the absence of subrogation. *See DeCespedes v. Prudence Mut. Cas. Co.*, 193 So. 2d 224 (Fla. Dist. Ct. App. 1966). As properly stated in Judge Lynch's Report:

> Mrs. Harris did not simply assign her tort away to some wholly unaffiliated third party to litigate in her place. As the interceding insurer, the transfer of the cause of action to Universal does not invoke the same public concerns about champerty that the bar against the assignment of personal injury torts guards against. Allowing Universal to substitute itself for the Harrises after paying the homeowner's insurance policy claim does not monetize Mrs. Harris's injury or generate unnecessary litigation. To the contrary, the doctrine of subrogation provides the equitable remedy where the application of that bar would produce an unjust result.

DE 49 at 5-6.[1]

Defendants' objections do not address the standard with which this Court must apply the doctrine of equitable subrogation. *Dantzler Lumber & Export Co. v. Columbia Cas. Co.*, 156 So. 116, 120 (Fla. 1934) ("Our court is committed to a liberal application of the rule of equitable

---

[1] To the extent Defendants object to Judge Lynch's conclusion that contractual subrogation applies in this case, the Court does not construe Judge Lynch's Report as concluding contractual subrogation applies. *See* DE 49 at 16 ("Regardless of whether Universal has a contractual right to subrogation, it meets the requirements of equitable subrogation."). Instead, Judge Lynch merely mentioned the possibility of the injured party either being covered or a beneficiary under the insurance contract in this case due to the relationship between the injured party, a guest, and the insured, a homeowner. Judge Lynch's discussion on this matter was in the absence of proper briefing by the parties on the specific terms of the policy that may or may not encompass houseguests. In any event, the Court construes Judge Lynch's Report as standing for the conclusion that any question pertaining to whether contractual subrogation applies in this case is moot. This Court concurs.

subrogation."). In applying this doctrine, the Florida Supreme Court has noted:

> [Equitable subrogation] has long been an established branch of equity jurisprudence. It does not owe its origin to statute or custom, but it is a creature of courts of equity, having for its basis the doing of complete and perfect justice between the parties without regard to form. It is a doctrine, therefore, which will be applied or not according to the dictates of equity and good conscience, and considerations of public policy, and will be allowed in all cases where the equities of the case demand it. It rests upon the maxim that no one shall be enriched by another's loss, and may be invoked wherever justice demands its application . . . . The right to it depends upon the facts and circumstances of each particular case, and to which must be applied the principles of justice.

*Id.* at 119. Judge Lynch applied the elements of equitable subrogation as delineated in *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1005 (11th Cir. 2004), and, accepting all of Plaintiff's allegations as true, the Court agrees with Judge Lynch that all necessary elements are met in this case.

Finally, Defendants object to Judge Lynch's application of *Casino Cruises Inv. Co., L.C. v. Ravens Mfg. Co.*, 60 F. Supp. 2d 1285 (M.D. Fla. 1999) to the instant case. Although *Casino Cruises* is perhaps the most factually similar case to the case at bar, the court in *Casino Cruises* did not engage in an analysis or discussion on the issue of equitable subrogation. The *Casino Cruises* court may very well have had no need to consider equitable subrogation, as Judge Lynch speculates, for the reason that the plaintiff had other avenues for recovery. In any event, the Court agrees with Judge Lynch that *Casino Cruises* does not outweigh Florida law that generally allows subrogation in the insurance context.[2]

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Lynch's Report and Recommendation [DE 49] is hereby

---

[2] To the extent Defendants now press the argument that, by allowing subrogation in this case, Defendants are prejudiced as Plaintiff does not have "control" over the alleged victim in this case, the Court disregards any argument that such a basis precludes equitable subrogation. In the event Defendants are ultimately prejudiced insofar as they are unable to procure evidence critical to their defense, this is an issue for another time.

    **ADOPTED**;

2. Defendant Lifetime Brands, Inc.'s Motion to Dismiss [DE 35] is **DENIED**;

3. Defendant WM Barr Company's Motion to Dismiss [DE 36] is **DENIED**; and

4. Defendants shall answer Plaintiff's Amended Complaint within five (5) days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 19th day of April, 2016.

*[Signature]*

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record