**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 2:15-CV-14333-ROSENBERG/LYNCH**

UNIVERSAL PROPERTY & CASUALTY
INS. CO., as subrogee of TRACIE HARRIS,

Plaintiff,

v.

LIFETIME BRANDS, INC. & WM
BARR CO.,

Defendants.
_______________________________________/

**ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Voluntary Dismissal without Prejudice [DE 72]. The Motion has been fully briefed. For the reasons set forth below, the Court will impose certain conditions upon Plaintiff, which Plaintiff must accept or reject, before the Motion can be granted.

Plaintiff requests a voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). Under that Rule, this Court may dismiss an action upon "such terms and conditions as the court deems proper." *Id.* The Rule affords the Court this discretion for the protection of defendants. *See, e.g.*, *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976) ("[T]he district court should impose only those conditions which will alleviate the harm caused to the defendant.").

Defendants oppose Plaintiff's motion. Defendants have requested that the Court deny Plaintiff's Motion or, if the Motion is granted, to dismiss this case with prejudice. In response, Plaintiff cites a significant amount of authority for the proposition that the Motion should be

granted and that the Court's dismissal should be *without* prejudice. The Court deems it unnecessary to review Plaintiff's authority in depth because the Court agrees with Plaintiff; subject to the analysis below, the Court will grant Plaintiff's Motion for Voluntary Dismissal because there is no apparent legal prejudice to Defendants in connection with such a dismissal, other than the mere prospect of a subsequent lawsuit. *See Potenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256-58 (11th Cir. 2001). However, Defendants' opposition to dismissal is not limited to the mere assertion that the Motion should be denied or that this case should be dismissed with prejudice. Defendants request that in the event this Court grants the Motion and dismisses this case without prejudice, this Court should award Defendants fees and costs. On this point, Plaintiff's Reply is silent.

It has become commonplace for district courts to require a plaintiff to pay a defendant's costs in connection with Rule 41(a)(2) dismissals. *See generally* CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed.) (collecting cases). The Court may also impose a condition of payment of attorney's fees, however, any award of attorney's fees must be limited to fees for services that will not be useful in a subsequent lawsuit. *Id.; see also Parrish v. Ford Motor Co.*, 299 F. App'x 856, 860-61 (11th Cir. 2008). For example, the costs of filing motions, making copies of motions, and preparing motions only useful in the original action may be recovered, *see McLaughlin v. Chesire*, 676 F.2d 855, 857 (D.C. Cir. 1982), but fees incurred in connection with discovery are not recoverable as discovery materials may be useful in subsequent litigation. *See, e.g.*, WRIGHT, *supra*, § 2366 (collecting cases).

This case is approximately ten months old. Defendants have incurred substantial expenses defending this case. Plaintiff survived Defendants' motions to dismiss after extensive legal argument, on both sides, pertaining to subrogation. Notwithstanding Plaintiff's

aforementioned victory, the Court recently ruled in Defendant Barr's favor on an important expert discovery matter. Notably, Plaintiff's request for a voluntary dismissal was filed twelve days after the Court's ruling in favor of Defendant Barr. Trial is four months hence. Dispositive motions are due in four days.

Defendants argue that Plaintiff's purpose in requesting a voluntary dismissal, coming so soon after an unfavorable discovery ruling, is to avoid the Court's ruling and to avoid pretrial deadlines in this case (such as the long-expired deadline to amend pleadings). The Court agrees with Defendants and, moreover, Plaintiff's request for voluntary dismissal has the ultimate result of harm to Defendants. The harm is that Defendants have incurred fees and costs in connection with defending this action over the course of the past ten months. The deadline for summary judgment motions is imminent and Defendants have incurred costs in connection with the preparation of dispositive motions as well. The Court therefore imposes a condition, which it deems proper, upon Plaintiff's Motion for Voluntary Dismissal. Plaintiff's Motion is granted contingent upon Plaintiff's payment of all of Defendants' costs and fees in this lawsuit for matters and items that will not be useful in another lawsuit and which were not incurred unnecessarily.[1]

Now that Plaintiff is aware of the conditions this Court will impose, Plaintiff shall have two (2) days from the date of rendition of this Order to file a notice indicating its acceptance or rejection of the conditions upon which this Court will permit a voluntary dismissal. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) (holding that a plaintiff must be given the opportunity to refuse the conditions imposed by a court on a Rule 41(a)(2) dismissal). In the event Plaintiff does not accept these conditions, the Court will deny Plaintiff's Motion. In the

---

[1] *See, e.g.*, *Trujillo v. Banco Cent. Del Ecuador*, 229 F. Supp. 2d 1369 (S.D. Fla. 2002) (requiring payment of attorney's fees as a condition of voluntary dismissal); *Pathe Labs., Inc. v. Technicolor Motion Picture Corp.*, 19 F.R.D. 211, 212 (S.D.N.Y. 1955) (requiring the same).

event Plaintiff accepts these conditions, the Court will stay this case and hear argument and accept evidence as to the specific amount of attorney's fees and costs to be awarded. The Court will enter a final order of dismissal at such time as appropriate fees and costs are determined.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Voluntary Dismissal [DE 72] will be **GRANTED** contingent upon the Plaintiff's acceptance of the conditions described in this Order. Plaintiff is **ORDERED** to file a notice of acceptance or a notice of non-acceptance of the Court's conditions within two (2) days of the date of rendition of this Order. Finally, in light of this Order Plaintiff's Motion for Extension of Time to Complete Discovery [DE 84] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 6th day of June, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record